IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re PROMISE HEALTHCARE GROUP, LLC, *et al.*, | : : | Chapter 11 Case No. 18-12491 (CTG) |
| Reorganized Debtors. | : : : | (Jointly Administered) |
| Robert N. Michaelson, Liquidating Trustee of the Promise Healthcare Group Liquidating Trust, | : : : : | |
| Appellant, v. | : : : | Misc. No. 23-255 (CFC) |
| Patrick Wassmann, | : : | |
| Appellee. | : : | |

## MEMORANDUM

At Wilmington on this Eleventh day of March in 2024:

Before the Court is a motion for leave (D.I. 1) ("Motion for Leave"), filed by Robert N. Michaelson, solely in his capacity as liquidating trustee and debtor representative of the Promise Healthcare Group Liquidating Trust ("Trustee"), as appointed in the chapter 11 cases of Promise Healthcare Group, LLC and its affiliated debtors ("Debtors"), seeking leave to appeal the Bankruptcy Court's interlocutory order dated April 20, 2023 (B.D.I. 2961)[1] ("Order"), and accompanying memorandum opinion, *In re Promise Healthcare Group, LLC*, 2023

---

[1] The docket of the chapter 11 case, captioned *In re Promise Healthcare Group, LLC*, No. 18-12491 (CTG) (Bankr. D. Del.), is cited herein as "B.D.I. _."

1

WL 3026715 (Bankr. D. Del. Apr. 20, 2023) ("Opinion"), pursuant to 28 U.S.C. § 158(a)(3) and Federal Rule of Bankruptcy Procedure 8004. The Order denied the Trustee's motion for summary judgment (B.D.I. 2908) seeking disallowance of Patrick Wassmann's proof of claim pursuant to 11 U.S.C. § 502(b) on the basis that the claim was unenforceable against the estate under "applicable law." Specifically, the Trustee asserted that Mr. Wassmann's claim was unenforceable because, although Mr. Wassmann filed a timely proof of claim in the chapter 11 cases, he did not file a timely complaint in state court, and thus his claim was barred under the applicable statute of limitations. The Bankruptcy Court denied summary judgment, reasoning that, pursuant to § 502(b)(1), the validity of a claim is determined as of the petition date, and the statute of limitations on Mr. Wassmann's claim had not expired as of the Petition Date in the chapter 11 cases.

The Motion for Leave is fully briefed. D.I. 1, 5, 6. No party requested oral argument.

## Background

1. Debtors operated various short and long term hospital and nursing facilities throughout the country. On November 5, 2018 (the "Petition Date"), each Debtor filed its respective chapter 11 case. On January 4, 2019, Mr. Wassmann filed a $10,000,000 proof of claim based on "damages and injuries [allegedly] caused by the [Debtors' allegedly] negligent care of [Mr. Wassmann], between March 15, 2017 and June 9, 2017," while Mr. Wassmann was a resident at Promise

2

Hospital of Lee, Inc., one of the Debtors' Florida facilities (Proof of Claim # 370) (the "Claim"). D.I. 1-4. Mr. Wassmann alleges that this negligent care resulted in "severe and permanent injuries, including brain damage and quadriplegia." D.I. 5 at 1. Mr. Wassmann's Claim was filed well before the May 31, 2019 bar date for claims set by the Bankruptcy Court in the chapter 11 cases. B.D.I. 984.

2. In addition to his proof of claim, Mr. Wassmann also filed a post-petition lawsuit against Debtor Promise Hospital of Lee, Inc. in Florida state court (D.I. 1-5) (the "State Court Complaint"). Under Florida law, all medical malpractice claims must be brought "within 2 years from the time the incident giving rise to the action occurred." Fla. Stat. Ann. § 95.11(4)(b). This gave Mr. Wassmann an outside date of June 9, 2019 to bring his state-law claim against the Debtors. On March 11, 2019 (four months into the bankruptcy case), Mr. Wassmann filed a petition in state court to extend the statute of limitations on his claim for 90 days, giving him until September 8, 2019 to file his claim. Fla. Stat. Ann. § 766.104(2). On June 13, 2019, two months before the expiration of the applicable statute of limitations, Mr. Wassmann initiated his state-court action by filing the State Court Complaint.

3. On September 17, 2020, the Bankruptcy Court entered an order (B.D.I. 2072) (the "Confirmation Order") confirming the Modified Second Amended Joint Plan of Liquidation (the "Plan"). The effective date of the Plan occurred on October 1, 2020 (B.D.I. 2102) (the "Effective Date").

4.  The Trustee objected to Mr. Wassmann's Claim, arguing that it was "barred by the applicable statue of limitations [Fla. Stat. Ann. § 95.11]." (B.D.I. 2655-2 at 6). The Trustee filed a motion for summary judgment, in which he argued (i) the State Court Complaint was void *ab initio* because it was filed in violation of the automatic stay, and (ii) because the State Court Complaint was void, no valid complaint was actually filed in state court prior to the September 8, 2019 deadline, or within the 30-day extension to the limitations period provided in § 108(c) of the Bankruptcy Code.[2] (*See* B.D.I. 2908). In the Trustee's view, because the statute of limitations on that claim had lapsed, Mr. Wassmann's Claim should be disallowed as "unenforceable against the debtor" under "applicable law," pursuant to § 502(b). (*See id.*)

---

[2] Under § 108(c) of the Bankruptcy Code, if applicable non-bankruptcy law fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, and such period has not expired before the date of the filing of the petition, then such period does not expire until 30 days after notice of the termination or expiration of the stay under section 362, 922, 1201, or 1301 with respect to such claim. 11 U.S.C. § 108(c). In accordance with the Confirmation Order, the automatic stay under 11 U.S.C. § 362 was terminated on the Effective Date of the Plan, October 1, 2020. (B.D.I. 2072, Plan at 39). The Trustee argues that pursuant to § 108(c)(2) Mr. Wassmann had until November 1, 2020 to file a medical malpractice action against the Debtors prior to the expiration of the statute of limitations. *See* 11 U.S.C. § 108(c)(2) (providing 30 days from expiration of automatic stay to take such action). In the Trustee's view, because the State Court Complaint was void *ab initio*, and no additional complaint was filed by November 1, 2020, the statute of limitations has lapsed, and the Claim must be disallowed as "unenforceable against the debtor" under "applicable law," pursuant to § 502(b).

5. On April 20, 2023, the Bankruptcy Court issued its Order and accompanying Opinion denying the Trustee's motion for summary judgment. The Bankruptcy Court held that a creditor who has filed a proof of claim that was timely as of the petition date is not required to initiate a nonbankruptcy proceeding to preserve its claim. *See In re Promise Healthcare Grp.*, 2023 WL 3026715, at *3-4. In reaching this decision, the Court applied § 502, the section of the Bankruptcy Code that addresses the allowance of claims. *See id.* Section 502(a) provides:

> A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects.

11 U.S.C. § 502(a). Section 502(b)(1) provides in relevant part:

> [I]f such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that . . . ***such claim is unenforceable against the debtor and property of the debtor, under . . . applicable law.***"

11 U.S.C. § 502(b)(1) (emphasis added).

6. Based on its analysis of the language and structure of § 502(b), the Bankruptcy Court ruled that the validity of a claim is determined as of the petition date. *See In re Promise Healthcare Grp.*, 2023 WL 3026715, at *4. According to the Bankruptcy Court, this reading of § 502(b) comports with longstanding

5

bankruptcy practice and policy. *See id.* at *4-5. In particular, the Bankruptcy Court found that determining the validity of a claim as of the petition date

> advances the underlying goal of the bankruptcy process: "Consolidating all pre-petition claims against the debtor in one collective proceeding." This enables a court to "exercise its power under section 502(b) of the Bankruptcy Code to establish the validity and amount of claims against the debtor," and prevent "a chaotic and uncontrolled scramble for the debtor's assets in a variety of uncoordinated proceedings in different courts."

*Id.* at *6 (quoting *Maritime Electric Co. v. United Jersey Bank*, 959 F.2d 1194, 1207 (3d Cir. 1991) (citations omitted)). The Bankruptcy Court rejected the Trustee's argument that "creditors whose claims are valid as of the petition date but have upcoming statutes of limitations would be required to seek stay relief to file lawsuits in state or federal court outside of bankruptcy in order to preserve their right to payment," finding that such a requirement would "operate to create one of the very problems that bankruptcy is intended to solve." *Id.* The Bankruptcy Court further noted that

> On the liquidating trustee's theory, then, in most chapter 11 bankruptcy cases claimants whose statutes of limitations would have expired in the period between the petition date and the time of confirmation would be required, within 30 days of confirmation, to assert their claims in courts outside of bankruptcy. And in cases in which those claims were otherwise subject to a discharge, such action would require the claimants to seek and obtain relief from any injunction issued in connection with the plan and/or by § 524(a)(2).

*Id.* at *7. The Bankruptcy Court concluded that "because § 502(b)(1) asks the court to determine the validity of the claim as it existed as of the petition date, there is no reason for a creditor to file a complaint outside of bankruptcy." *Id.* As a result, the Bankruptcy Court ruled that Mr. Wassmann's claim is not barred by the Trustee's asserted state law statute of limitations defense because Mr. Wassmann filed a timely proof of claim, and the statute of limitations on his Claim had not expired as of the Petition Date. *Id.* "Consequently, Wassmann's claim is not barred by state law and therefore not subject to disallowance under § 502(b)(1)." *Id.*

7. The Trustee appealed the Order and sought leave to take interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3) (allowing interlocutory appeals of bankruptcy court orders "with leave of the court").

**Direct Appeal**

8. In the normal course, a party's appeal from a bankruptcy court's order is heard by the district court. 28 U.S.C. § 158(a). Under § 158(d)(2)(A), the court of appeals has the discretion to exercise jurisdiction over an appeal taken directly from a bankruptcy court's order if "the district court, . . . acting on its own motion or on the request of a party," certify that

> (i)   the . . . order . . . involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

7

> (ii) the ... order ... involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the ... order ... may materially advance the progress of the case or proceeding in which the appeal is taken.

28 U.S.C. § 158(d)(2)(A)(i)–(iii). And under § 158(d)(2)(B), the district court *must* make this certification if, either "on its own motion or on the request of a party," the court determines that any one of the circumstances specified in § 158(d)(2)(A)(i)–(iii) exist. *See* 28 U.S.C. § 158(d)(2)(B) ("If ... the district court ... on its own motion or on the request of a party, determines that a circumstance specified in [§ 158(d)(2)(A)] exists[,] ... the district court ... ***shall*** make the certification described in subparagraph (A).") (emphasis added).[3]

**Discussion**

9. The question of law presented is whether a personal injury tort claimant's cause of action is time barred when the claimant (i) files a timely proof of claim in the bankruptcy case, but (ii) fails to file a complaint (a) before the expiration of the applicable state law limitations period or (b) before the expiration

---

[3] A district court may certify an interlocutory appeal under 28 U.S.C. § 158(d)(2)(A). *See, e.g., Homaidan v. Sallie Mae Inc.*, 3 F.4th 595 (2d Cir. 2021) ("We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 158(d)(2)(A) [which] gives us jurisdiction to review an interlocutory order from a bankruptcy court if: (1) the district court certifies (inter alia) that the order involves a question of law for which no controlling precedent exists; and (2) this Court authorizes the appeal.") (citing *Weber v. United States*, 484 F.3d 154, 157 (2d Cir. 2007)).

8

of the 30-day extension to the limitations period provided in § 108(c) of the Bankruptcy Code.

11. 10. In denying the Trustee's summary judgment motion, the Bankruptcy Court rejected the Trustee's argument that, pursuant to § 502(b), a claim must be disallowed where it is "unenforceable against the debtor" under "applicable law"—here, the applicable statute of limitations. The Bankruptcy Court concluded that its determination of a claim's validity is made as of the petition date, and the statute of limitations on Mr. Wassmann's claim had not expired as of the Petition Date in these cases. *See In re Promise Healthcare Grp.*, 2023 WL 3026715, at *4.

11. Neither the Supreme Court nor the Third Circuit has addressed whether the determination of the claim's validity is made as of the petition date.

12. As the Trustee notes, the Bankruptcy Court's decision conflicts with the decisions of three courts of appeals and a district court within this Circuit. *See Bennet v. U.S. Lines, Inc.*, 64 F.3d 62, 66–67 (2d Cir. 1995) (finding that the applicable statute of limitations barred a tort claimant's claim where a complaint was not filed within thirty days of the termination of the stay, even where the claimant had filed a timely proof of claim in the bankruptcy case); *Mamer v. Apex R.E. & T.*, 59 F.3d 780, 783 (8th Cir. 1995) (same); *McKinney v. Waterman Steamship Corp.*, 925 F.2d 1, 6 (1st Cir. 1991) (same); *In re C & G Excavating, Inc.*, 217 B.R. 64, 66 (Bankr. E.D. Pa. 1998) (same), *aff'd Rhodes v. C & G Excavating, Inc.*, No. Civ. A. 98–6274, 1999 WL 820204, at *1 (E.D. Pa. Sept. 29,

1999) ("[If] a complaint is irrelevant following the filing of a proof of claim, then § 108(c) is purely statutory surplusage. The Court is not free to so lightly disregard the plain language of a statute."). The Bankruptcy Court itself acknowledged that *C & G Excavating* "does indeed support the trustee's position and is not factually distinguishable in any material way." *In re Promise Healthcare Grp.*, 2023 WL 3026715, at *10.

13. Whether the determination of a claim's validity is made as of the petition date is, of course, a question of law. And, because the Bankruptcy Court denied the Trustee's motion for summary judgment based on its answer to that question, the Court's Order dated April 20, 2023 "involves a question of law as to which there is no controlling decision of" the Third Circuit or Supreme Court. 28 U.S.C. § 158(d)(2)(A)(i). Certification of the Order for an appeal to the Third Circuit is therefore required under § 158(d)(2)(B).

14. Additionally, were the Order reversed on appeal, Mr. Wassmann's Claim would be disallowed, ending any further litigation of a large and complex personal injury claim. *See Navient*, 522 F. Supp. 3d at 115 ("[s]hould the Third Circuit find that equitable tolling is unavailable to save the CFPB's action from dismissal where the ratification comes after the statute of limitations has run, this action would be subject to dismissal"). Thus, "an immediate appeal from the . . . order . . . may materially advance the progress of the case or proceeding in which

the appeal is taken," § 158(d)(2)(A)(iii), a circumstance also requiring certification of the Order for direct appeal pursuant to § 158(d)(2)(B).

**Conclusion**

15. Pursuant to 28 U.S.C. § 158(d)(2)(A)(i) and § 158(d)(2)(A)(iii), the Court will certify the Order for direct appeal to the Third Circuit. The Court will deny the Motion for Leave without prejudice to renew the request should the Third Circuit decline to accept the direct appeal.

16. The Court will issue an Order consistent with this Memorandum.

_____
UNITED STATES DISTRICT JUDGE